UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CARL and ALICIA FURMAN          )
                                )
          Plaintiffs            )      **05  1127  RWZ**
                                )
          v.                    )   Civil Action No. _____
                                )      RECEIPT # _____
                                )      AMOUNT $ _____
JOHN RUGER and                  )      SUMMONS ISSUED N/A
RUGER ASSOCIATES, INC.,         )      LOCAL RULE 4.1 _____
                                )      WAIVER FORM _____
          Defendants            )      MCF ISSUED _____
                                )      BY DPTY. CLK. _____
                                       DATE _____

MAGISTRATE JUDGE _____       **NOTICE OF REMOVAL**

To:    The Judges of the United States District Court for the District of Massachusetts

       John Ruger, an individual with his residence and domicile in Blue Hill, Maine, and John

Ruger Associates (hereinafter both referred collectively as "Ruger"), a corporation organized and

existing under the laws of the State of Maine with a principal place of business in Blue Hill,

Maine, by counsel, pursuant to 28 U.S.C. §§ 1441, et seq., requests removal of a civil action

commenced in the Massachusetts Trial Court, Superior Court, Bristol County, styled Carl and

Alicia Furman v. John Ruger and Ruger Associates, Inc., Docket No. C04-01159. In support of

removal, Ruger respectfully states:

       1.     Plaintiffs, who are residents of Westport, Massachusetts, commenced this action

by serving on Defendant a Complaint (the "Complaint") to be returned to the Massachusetts

Trial Court, Superior Court, Bristol County. Plaintiff alleges claims for breach of contract and

violations of MGL Ch. 93A. Copies of all process, pleadings, and other orders served upon

Defendants are attached hereto as Exhibit A.

       2.     Ruger received the Complaint no sooner than May 31, 2005.

{W0364707.1}

3.    This Court has original jurisdiction of this action pursuant to its diversity jurisdiction under 28 U.S.C. § 1332 (a), and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

4.    The amount in controversy in this matter exceeds $75,000.

5.    Defendants desire to remove this action to this Court.

6.    Pursuant to 28 U.S.C. § 1446(b), removal is timely filed within thirty days after the receipt by the Defendants, through service or otherwise, of the initial pleading setting forth the claims for relief.

7.    Pursuant to 28 U.S.C. § 1446(d), the Defendants will promptly be filing a copy of the Notice of Removal with the Superior Court of Bristol County, and is this date sending copies of the Notice to Plaintiff's counsel.

8.    Pursuant to the United States District Court for the District of Massachusetts Local Rule 81.1(a), Defendants will file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court.

WHEREFORE, Defendants respectfully request that the above-captioned action be removed from the Massachusetts Trial Court, Superior Court, Bristol County, to this Court.

Dated:  June 16, 2005

Nikolas P. Kerest, BBO #647462
Attorney for Defendants John Ruger and
Ruger Associates, Inc.

Pierce Atwood
One Monument Square
Portland, ME  04101
(207) 791-1100

{W03o47o7 1}

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing pleading has been served upon counsel for Plaintiff, via U.S. Mail, addressed as follows:

Andrew C. Novick, Esq.
Novick Law Offices Inc.
227 Union Street
New Bedford, MA  02740

DATED:  June 16, 2005

Nikolas P. Kerest

{W0364707.1}

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

[SEAL]

No. C04-01159

CARL FURMAN AND ALICIA FURMAN

_____ , Plaintiff (s)

v.

JOHN RUGER AND RUGER ASSOCIATES, INC.
_____ , Defendant(s)

(TO PLAINTIFF'S ATTORNEY :

PLEASE INDICATE TYPE OF ACTION INVOLVED :—
XXXRXXXMOXXXRXXEXXGXEXXOXXX— CONTRACT —
XXXXXXXXXXXXXXXXXXXXXXXOTHEXXX

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT: RUGER ASSOCIATES, INC.

You are hereby summoned and required to serve upon ...ANDREW..C...NOVICK.,.. ESQ.
NOVICK LAW OFFICES INC., 227 UNION ST., NEW BEDFORD, MA   02740
...............................................................................................................................

plaintiff's attorney, whose address is /.............................................................................................;

an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at ...TAUNTON..................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the.............18th...................................day of..October........................., in the year of our Lord two thousand and ....four..................................

*Magistrate*

NOTES.

1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.  If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

2SC 24

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

[SEAL]

No.   C04-01159

CARL FURMAN AND ALICIA FURMAN _____ , Plaintiff (s)

v.

JOHN RUGER AND RUGER ASSOCIATES, INC. Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED :—
xX̶O̶R̶T̶xxM̶O̶T̶O̶R̶ ̶V̶E̶H̶I̶C̶L̶E̶ ̶T̶O̶R̶T̶ — CONTRACT —
X̶E̶Q̶U̶I̶T̶A̶B̶L̶E̶ ̶R̶E̶L̶I̶E̶F̶x̶x̶O̶T̶H̶E̶R̶ )

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT:        JOHN RUGER

You are hereby summoned and required to serve upon ANDREW C. NOVICK, ESQ.
NOVICK LAW OFFICES INC., 227 UNION ST., NEW BEDFORD, MA 02740
plaintiff's attorney, whose address is /...................................................................................;

an answer to the complaint which is herewith served upon you, within (20) days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the office of the Clerk of this
Court at ..TAUNTON.................... either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or
occurrence that is the subject matter of the plaintiff's claim or you will thereafter be
barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial
Court, at Taunton, the....18th.................................day of.October............................., in the year
of our Lord two thousand and ..four.................................

*Magistrate*

NOTES.

1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption. If
    a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.  If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

2SC 24

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

| **CIVIL ACTION COVER SHEET** | DOC. NO.(S) | **Trial Court of Massachusetts Superior Court Department** County:_____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Carl Furman and Alicia Furman | John Ruger and Ruger Associates, Inc. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 227 Union St. | ATTORNEY (If known) Jotham D. Pierce, Jr. |
|---|---|
| Andrew C. Novick, New Bedford, MA 02740 NOVICK LAW OFFICES INCORPORATED Board of Bar Overseers number: 543825 Tel. 508-997-4571 | One Monument Square Portland, ME 04101 Tel 207-791-1290 |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A12 | Construction Dispute | ( A ) | ( x ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
   2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
   3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
   4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
   5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
      Subtotal $. . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
F. Other documented items of damages (describe)
   $. . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

93A and Fraud

   $. . . . . . . . . . .
   TOTAL $. . . . . . . . . . .

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Contractor fraudulently overcharged Plaintiffs $538,379.48, and breached by abandoning job.  Plaintiffs had "cover" costs of $557,333.76.

   TOTAL $.1,095,713.2

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____    DATE: 10/14/04

AOTC-6 mtc005-11/99

**COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF THE TRIAL COURT**

**Bristol County**                                          **Superior Court**
                                                           **Civil Action No.**

| | |
|---|---|
| **Carl and Alicia Furman,** | ) |
| **PLAINTIFFS** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **John Ruger and** | ) |
| **Ruger Associates, Inc.,** | ) |
| **DEFENDANTS** | ) |

**COMPLAINT**
**JURY TRIAL CLAIMED**

**PARTIES**

1.    The Plaintiffs are Carl and Alicia Furman, (hereafter "the Furmans," or, "the Plaintiffs") natural persons, residing in Westport, Massachusetts.

2.    The first Defendant is John Ruger, a natural person, residing in Blue Hill, Maine.

3.    John Ruger was at all relevant times acting as an individual.

4.    John Ruger was at all relevant times acting as an employee of John Ruger Associates, Inc.

5.    John Ruger was at all relevant times acting as an authorized agent of Ruger Associates, Inc.

6.    The second Defendant is Ruger Associates, Inc., a Maine corporation with a principal place of business in Blue Hill, Maine.

7.    John Ruger and Ruger Associates Inc. were at all relevant times in the business of construction.

**JURISDICTION**

8.    On September 3, 1996, John Ruger mailed a letter to Carl Furman.

9.    A true copy of the letter is attached as Exhibit A.

10.   The letter was addressed to Mr. Carl M. Furman, 56 Quail Trail, Westport, MA, 02790.

11.    The letter was sent to Carl Furman  for the purpose of soliciting his business.

12.    As a result of this receipt of the letter the Plaintiffs, Carl Furman and Alicia Furman, entered into a business relationship with the Defendant, John Ruger.

13.    As a result of this receipt of the letter the Plaintiffs entered into a business relationship with the Defendant, Ruger Associates, Inc.

14.    Invoices were addressed and mailed to the Plaintiffs in Massachusetts.

15.    Payments made by the Plaintiffs were drawn on their Massachusetts bank and mailed from their Massachusetts residence.

16.    Jurisdiction is proper pursuant to M.G.L.. c. 223A, the so called, "long-arm statute."

## VENUE

17.    The Plaintiffs reside in Bristol County, Massachusetts.

18.    Venue is proper pursuant to M.G.L., c. 223.

## DISPUTE

19.    On or about March 17, 1998, the parties entered into an agreement.

20.    A true copy of the agreement, not including the specs and plans, is attached. as Exhibit B.

21.    The specs and plans referenced in the agreement were provided to the Defendants on June 21-22, 1998.

22.    Following the provision of specs and plans to the Defendants, the Defendants provided an estimate of the costs to complete to the Plaintiffs.

23.    A true copy of the estimated cost to complete, provided by the Defendants is attached as Exhibit C.

24.    Following receipt of the plans and specs the Defendants began work building a residence for the Plaintiffs in Stonington, Maine. (Hereafter, "the project," or "the job.")

25.    At the time that the Plaintiffs executed the agreement, John Ruger told the Plaintiffs that the project would be complete approximately 5 months after he began building.

26.    The aforesaid written agreement provides that the project would be "substantially complete," by the estimated date of December, 1999.

65.     Following the Defendants' abandonment of the job, the Plaintiffs were forced to seek "cover" to complete the project.

66.     The Plaintiffs costs completing the project were $557,333.76.

67.     Due to distance, travel, meals, and difficulties in taking over the job, the Plaintiffs' costs to complete were more than the Plaintiffs should have paid the Defendants to complete the job, had the Defendants not breached, and abandoned the job.

## COUNT I. BREACH OF CONTRACT

68.     The Plaintiffs repeat and re-allege the preceding paragraphs.

69.     The Defendants breached the contract with the Plaintiffs.

70.     The Plaintiffs were damaged in the amount of $538, 379.48 by the Defendants' overbilling, and $557,333.76 by their costs in seeking cover after the Defendants breached.

71.     The Plaintiffs were further damaged by their carrying costs.

72.     WHEREFORE, the Plaintiffs pray for judgment and damages, in the amount of $1,095, 713.24, plus costs and interest, and such other relief as the court deems just, jointly and severally against the Defendants, John Ruger, and Ruger Associates, Inc.

## COUNT II. VIOLATION OF M.G.L. CHAPTER 93A.

73.     The Plaintiffs repeat and re-allege the preceding paragraphs.

74.     The Defendants breached the contract with the Plaintiffs.

75.     The Defendants' breaches were unfair and deceptive acts.

76.     The Defendants knowingly committed unfair and deceptive acts.

77.     The Defendants' actions constituted violations of Chapter 93A.

78.     The Defendants' actions constituted willful violations of Chapter 93A.

79.     The Plaintiffs were damaged by the Defendants unfair and deceptive acts, in the amount of $538, 379.48 by the Defendants' overbilling, and $557,333.76 by their costs in seeking cover after the Defendants breached.

80.     The Plaintiffs made demand for relief, pursuant to said Chapter 93A.

81.     The Defendants failed to respond to the Plaintiffs' demand with a reasonable tender of

47.    The Defendants; overbilling was deceptive.

48.    The Defendants intended to have the Plaintiffs rely upon the validity of the bills.

49.    The Defendants' actions constituted violations of M.G. L. Ch. 93A.

50.    The Defendants's actions constituted knowing and willful violations of M.G.L. Ch. 93A.

51.    On September 16, 2004, the Plaintiffs, through counsel, sent a letter to John Ruger individually and as president of John Ruger Associates Inc.

52.    A true copy of the letter is attached marked Exhibit E.

53.    The letter described the unfair and deceptive acts complained of.

54.    The letter made demand for $538,379.48, in settlement.

55.    The demand was reasonable.

56.    The letter was sent more than 30 days prior to the entry of this lawsuit.

57.    The letter complied with the requirements of Ch. 93A.

58.    Neither of the Defendants made a tender of settlement within 30 days of the September 16, 2004 letter.

59.    The Defendants, through counsel, responded to the 93A letter with a letter dated September 21, 2004, a true copy of which is attached marked Exhibit F.

60.    The Defendants' letter dated September 21, 2004, made no tender of settlement.

61.    The value of the labor and materials provided by the Defendants and the Defendants' subcontractor prior to October 23, 2000 was no greater than $723,833.

62.    The $723,833, worth of labor and materials provided by or through the Defendants prior to October 23, 2000, includes $46,000 worth of labor and materials provided by sub-contractors who were not paid for this work by the Defendants.

63.    Following the Defendants' abandonment of the job on October 23, 2000, the Plaintiffs paid the $46,000 directly to the sub-contractors.

64.    As of October 23, 2000 the Plaintiffs had paid the Defendants $538,379.48 more than the fair value of the labor and services which the Defendants had provided, and in the case of the sub-contractors' work, paid for.

27.    As of December 31, 1999, the project was not complete.

28.    As of October 19, 2000, the project was still not complete.

29.    As of October 19, 2000, although the project was not complete, the Defendants had billed the Plaintiffs, in excess of the total project estimate.

30.    As of October 19, 2000, the Defendants had billed the Plaintiffs $1,321,102.34.

31.    The estimated costs sheet, provided by the Defendants to the Plaintiffs, a copy of which is attached marked Exhibit C, state: "TOTAL PROJECT ESTIMATE  1,237,300+."

32.    As of October 19, 2000, the Plaintiffs had paid the Defendants $1,220,363.19.

33.    On October 19, 2000, the Plaintiffs, through counsel, sent a letter to the Defendants.

34.    A true copy of the October 19, 2000 letter (except for the word, "DRAFT") is attached marked Exhibit D.

35.    The letter requested explanation of billing to date.

36.    Neither of the Defendants sent a written response to the letter dated October 19, 2000.

37.    Neither of the Defendants, following the letter of October 19, 2000, provided any explanation of the bills totaling $1,321,102.34.

38.    Following receipt of the letter dated October 19, 2000, the Defendants vacated the job site.

39.    The Defendants vacated the job site on October 23, 2000.

40.    The job was not complete when the Defendants vacated.

41.    Since October 23, 2000 the Defendants have done no further work on the project.

42.    The Defendants' refusal to provide explanation of billing constitutes breach.

43.    The Defendants' vacating the job on October 23, 2000 constitutes a breach.

44.    Prior to vacating the job, the Defendants' billed the Plaintiffs for work that had not been done, for hours that had not been worked, and for materials not used for this job.

45.    The Defendants' overbilling was intentional.

46.    The Defendants' overbilling was fraudulent.

settlement.

82.    The Defendants' failure to respond to the Plaintiffs' demand with a reasonable tender of settlement constitutes a willful and knowing violation of Chapter 93A.

83.    As a result of the Defendants' willful and knowing unfair and deceptive acts, and failure to respond to the Plaintiffs' demand with a reasonable tender of settlement, the Defendants are liable for up to three, but not less than two times the Plaintffs' actual damages, plus, costs, interest, and reasonable attorneys' fees.

84.    WHEREFORE, the Plaintiffs pray for judgment and damages, in the amount of two or three times $1,095, 713.24 plus carrying costs, plus costs and interest, and reasonable attorneys' fees, jointly and severally against the Defendants, John Ruger, and Ruger Associates, Inc.

Respectfully submitted,
Carl Furman and Alicia Furman,
By their attorney,

ANDREW C. NOVICK, ESQ.
NOVICK LAW OFFICES INC.
227 Union Street
New Bedford, MA   02740
Tel. No. (508) 997-4571
B.B.O. No. 543825



EXHIBIT A

# JOHN RUGER



## P.O. BOX 273 BLUE HILL, ME



**CUSTOM BUILDERS**

# ASSOCIATES



## 04614    TEL. 207-374-2154

September 3, 1996

Mr. Carl M. Furman
56 Quail Trail
Westport MA 02790

Dear Mr. Furman:

    This letter is being sent to acquaint you with my construction business. I am a general contractor, specializing in custom house construction with eighteen years experience in the area. Workmanship is in the Maine tradition...carefully performed in a conscientious and timely manner with all work fully insured. I work well with local architects and also enjoy building houses designed by my clients.

    A range of styles from traditional post and beam, through shingle style, to post modern contemporary houses have been built in Blue Hill, Castine, Sedgwick, Brooklin, Brooksville, Surry, Deer Isle, Salisbury Cove, and Somesville. In the past few years I have completed a fabulous post-modern house overlooking Bucks Harbor in Brooksville, a contemporary waterfront home on Blue Hill Bay in Brooklin, and a turn-of-the-century cottage style home on Blue Hill Bay in Blue Hill. Currently, I have under construction a fascinating, large family estate designed by Knight Associates of Blue Hill on Eggemoggin Reach in Sedgwick. It features interesting details including round walls, curved ceilings and a beautiful eyebrow window. I have recently completed a more understated waterfront home in Blue Hill, featuring an indoor pool. Many of these homes are available for inspection by appointment.

    If you are looking for fine finish cabinetry, I design and build custom kitchen cabinets, bookcases, staircases, mantles, window seats, and fine furniture. I can design and produce any custom moldings or millwork. The woodworking shop is fully equipped with state of the art machinery and staffed full time. Both the shop and offices are located a short distance from the village of Blue Hill.

    Although you may not be considering a building project right now, you are welcome to telephone me with your questions. If you are planning construction, I would appreciate the opportunity to meet with you for a free consultation at your site.

Sincerely yours,

John Ruger

EXHIBIT B

ORIGINAL

# HOME CONSTRUCTION CONTRACT

**AGREEMENT** made this **17th**    day of  **March**        , **1998**   ,
between:

1. **Parties.**
   Ruger Associates, Inc.
   Blue Hill, Maine 04614
   (207) 374-2154    (hereinafter "Contractor")

and

Name:    __Carl and Alicia Furman_____

Address: __56 Quail Trail, Westport, MA. 02790_____

Telephone: (508.636.6493)        (hereinafter "Homeowner")

2. **Location of Job Site.**
   The property on which the work will be done is located at:

   _____Oceanville Road_____

   _____Stonington, Maine_____

3. **Dates of Work.**
   The dates set out below reflect the contractor's best estimate of beginning and completion of work to be done. It is understood between the parties that these dates may vary substantially depending on weather, sub-contractor's schedules, changes made during the project, availability of specific materials, and other factors beyond the control of the contractor.

   Estimated beginning date of work: _March 23, 1998 (site layout) _____

   Estimated date work will be substantially completed: _December, 1999_

(1)

4.    <u>Cost of Labor and Materials.</u>  (to be renegotiatled on 1.1.99)
The labor and materials necessary for this project shall be supplied on a cost plus
basis.  Labor rates shall be as follows:    **$ 18** per hour / helper

**$ 23** per hour per carpenter;    **$ 26** per hour / foreman;

**$ 38** per hour / cabinetmaker;    **$ 38** per hour / J. Ruger.

Materials shall be supplied for cost plus _12__ percent,
invoices to be provided to the owner.

Subcontractors shall be supplied for cost plus ___12__ percent,
invoices to be provided to the owner.

An estimate of the cost of labor and materials for the contracted project will be
attached hereto as Exhibit A, including a general description of the work to be provided
and the materials to be used or expressly excluded, by phase, when completed. It is noted
that these estimates will be broken down by labor and material whenever possible. It is
expressly understood that Contractor is not responsible for any cost overruns for services
provided by subcontractors.

*enumeration principle*

5.    <u>Change Orders.</u>
Any alternation or deviation from the above contractual specifications involving
extra cost, in time and/or materials, shall be entered into by the execution of a written
change order, detailing the changes to be made and the estimated change in price, and
signed by both parties.  Upon execution, said change order shall become a part of, and be
performed in conformance with, this contract.  A sample change order is attached to this
contract.

6.    <u>Payment.</u>
The terms of payment are a follows:

**$ 10,000** shall be paid prior to the commencement of work.

Contractor shall bill Homeowner every four weeks for labor provided, materials
used and subcontractors charges to date.  Payment shall be made within (10) days of
billing.  Homeowner shall be credited for initial payment on last bill.

(2)

7.    <u>Warranty.</u>
In addition to any additional warranties agreed to by the parties, the contractor warrants that the work will be free from faulty materials, constructed according to the standards of the building code applicable for this location, constructed in a skillful manner and fit for habitation.  The warranty rights and remedies set forth in the Maine Uniform Commercial Code apply to this contract. This warranty includes coverage for one year from date of substantial completion.

8.    <u>Resolution of Disputes.</u>
If a dispute arises concerning the provisions of this contract or the performance by the parties, then the parties agree to settle this dispute by jointly paying for one of the following:
        (initial only one):

    (1)  Binding arbitration as regulated by the Maine Uniform Arbitration Act, with the
         parties agreeing to accept as final the arbitrator's decision;
         (                )

    (2)  Nonbinding arbitration, with the parties free not to accept the arbitrator's
         decision and to seek satisfaction through other means, including a lawsuit;  or
         (                )

    (3)  Mediation, with parties agreeing to enter into good faith negotiations through
         a neutral mediator in order to attempt to resolve their differences.
         ( RAI         )

9.    <u>Residential Insulation.</u>
If the construction includes installation of insulation in an existing residence, any disclosures required by Maine law are set out in the attached Insulation Disclosure Form.


Dated at Blue Hill, Maine, _____ March 23, _____, 1998__.

_____
                          Contractor

_____
                          Homeowner

_____
                          Homeowner

(3)

## EXEMPTION

The Contract set forth above conforms to the requirements of Title 10, Maine Revised Statutes Annotated, Chapter 219-A. This statute provides that every party to a home construction contract has a right to have a contract in writing signed by the contractor and the homeowner, with a copy of the signed contract being received by both parties prior to any work being performed. The basic contract must contain the entire agreement and must contain all the parts set forth above. The contractor specifically acknowledges the right of the homeowner to have the contract completed in its entirety and acknowledges his willingness to conform to the statutory requirements. The homeowner acknowledges that he/she has been advised of his/her right to such a contract under the Statutes of Maine, has read the entire contract, and is aware of the information and agreements it contains. The parties hereto may exempt themselves from the requirements of this Chapter of the Maine Revised Statutes Annotated and mutually agree to a contract (or change order) that does not contain the parts set forth above on the first three pages of this Agreement.

WE DO HEREBY MUTUALLY AGREE TO EXEMPT OURSELVES FROM THE REQUIREMENTS OF SAID CHAPTER 219-A.

Date: ___3-17-98___            _____
                                    Contractor

                               _____
                                    Homeowner

                               _____
                                    Homeowner



To CARL FURMAN

Company

Location

Fax # 508.679.1244    Telephone #

Comments

From JOHN
Company RAI    EXHIBIT C
Location    Dept Charge
Fax #    Telephone #
Original Disposition ☐ Destroy  ☐ Return    ☐ Call for pickup

Time 8.28

## FURMAN BUDGET FIGURES                     8.28.98

**SITE WORK:**                        80,500+ —— 90% done

| | | |
|---|---|---|
| well | 2,500 | > 97,841.00 |
| septic | 15,000 | |
| excavation/fill | 45,000 | |
| finish/landscaping | ? | |
| clearing | 15,200 | |
| blasting | 2,800 | |

**CONCRETE:**                   130,350   100% done Except missing

| | | |
|---|---|---|
| foundation/pumping | 120,000 | |
| waterproof/seal | 4,750 | 3,475.50 100% done |
| stucco | 5,600 | |

**MATERIALS: inc allowances**        320,000

**LABOR:**                          350,000   Billed over 520,000? cut to 700

**DRYWALL AND STUCCO**               41,200   100% done ADD'l scope reduced 3,300.
                                                        GWB          stucci
**PAINTING**                         10,000   0 done
**APPLIANCES**                       15,000   0 done
**PLUMBING**                         24,000   21,091.63
**AC, EXCHANGE**                      9,500?
**HEATING**                          24,000   26,817.36
**ELECTRICAL**                       14,000 + fixtures
**INSULATION (spray foam)**          38,000   14000 DONE 25,935.00
**MASONRY**                          67,400 +

| | | |
|---|---|---|
| fireplace | 25,000 | |
| entry, steps | 5,000 | |
| stone floors | 32,200 | |
| countertops | 5,200 | 0 DONE |
| steps to shore | 10,000 | DONE |
| retaining wall | ? | 0 DONE |

**TILE**                              5,900   OVER 10,000 DONE
**CARPET**                            7,420   0 DONE
**ALLOWANCES**                        5,000

**TOTAL**                         1,142,270
**FEE**                              95,000

**TOTAL PROJECT ESTIMATE**                  1,237,300+

EXHIBIT D

# Bernstein, Shur, Sawyer & Nelson, P.A.

Counselors at Law

100 Middle Street, West Tower, P.O. Box 9729, Portland, Maine 04104-5029
207-774-1200 Fax 207-774-1127
Internet: mainelaw.com

John H. Montgomery
Internet Email:
jmontgomery@mainelaw.com

October 19, 2000

CERTIFIED MAIL / RETURN RECEIPT REQUESTED

**DRAFT**

Mr. John Ruger
Ruger Associates, Inc.
P.O. Box 273
Blue Hill, Maine 04614-0273

        RE:   **Carl and Alicia Furman**

Dear Mr. Ruger:

        Carl and Alicia Furman have retained this office to assist them with issues that have arisen surrounding your partial construction of their home on Oceanville Road in Stonington, Maine. The Furmans are very concerned that your billings for the work to date are far in excess of the values stated in Exhibit A to the Home Construction Contract between you and the Furmans. They do not understand the reasons for the cost overruns and are not sure what additional work has been done for the additional money they have paid to date. Finally, they are very concerned that the project is now almost a year behind schedule, without any understandable reason.

        The Furmans' primary goal is to finish their home. However, before proceeding further they need hard information and firm commitments from you. To that end, we are requesting the following. First the Furmans request that they and their representatives be given access to your books and supporting records including, but not limited to, daily time records and invoices for this job. Second, we request a face-to-face meeting with you within the next two weeks to discuss issues related to project costs and scheduling. I propose that the meeting take place in my firm's offices in Augusta or here in Portland if you prefer.

        Please contact me at your earliest convenience, or have your attorney contact me, to arrange mutually convenient times for review of your books and records, and for the meeting. Thank you.

                        Very truly yours,

                        **DRAFT**

                        John H. Montgomery

JHM/dml
cc:    Carl and Alicia Furman
       Deborah Shelles Cameron, Esq.

146 Capitol Street, P.O. Box 5057, Augusta Maine 04332-5057, 207-623-1596   Fax 207-626-0200
Member, Lex Mundi, A Global Association of 155 Independent Law Firms

EXHIBIT E

## NOVICK LAW OFFICES
INCORPORATED
227 UNION STREET · SUITE 603
NEW BEDFORD, MASSACHUSETTS 02740

508/997-4571

September 16, 2004

Mr. John Ruger
Ruger & Associates, Inc.
Blue Hill, Maine 04614

Mr. John Ruger
c/o Attorney Jotham D. Pierce
Pierce Atwood
One Monument Square
Portland, Maine 04101-1110

      Re:    Carl and Alicia Furman
              Maine Residence
              93A Claim Letter
              Demand For Settlement: $538,379.48

Dear Mr. Ruger:

      This letter is a demand for relief under Massachusetts General Laws Chapter 93A, also known as the Consumer Protection Act.

### SUMMARY OF CLAIM

      On or about March 17, 1998, you entered into an agreement with Carl and Alicia Furman, pursuant to which you were to build them a house for an estimated price of $1,237,000, to be completed by about December 1999. You then grossly and fraudulently overbilled the Furmans, failed to perform in a timely manner, and when asked to substantiate your bills, breached by walking off the job on October 23, 2000. As of this time, you had overcharged the Furmans by $538,379.48 (including $41,849.29 of work done by sub-contractors who had not yet been paid by you although you had billed for their work). Also as of this time, although completion of the project was now a year overdue, the project was far from complete, and, the project had had price-reducing revisions, you had billed the Furmans in excess of the total estimated cost to complete. The Furmans' additional cost to complete the project was $557,333.76. (To be fair, the additional cost to complete also includes the $41,849.29 which Carl Furman paid the subs you had not paid, for work they did before you walked off the job.) As a result of your fraudulent, unfair and deceptive actions, the Furmans were damaged by a total of $1,053,863.90. Furthermore, Carl Furman was forced to forego working at his regular business, in order to supervise and complete this project, and this resulted in a significant loss of profits.

## M.G.L. CHAPTER 93A DEMAND

You, personally, and, as a representative of Ruger Associates, Inc., failed to complete the project in a timely manner, you failed to complete the project at all, you overcharged the Furmans, you failed to pay sub-contractors, you failed to properly plan for efficient use of time and materials, you charged the Furmans for workers who were not present, you charged for materials that were not used, and you performed some of the work in such a manner that it either needed to be re-done, or that costly adaptations had to be made to correct improper groundwork. These actions constitute fraud, and knowing and willful violations of said MGL, Chapter 93A.

Chapter 93A provides that where a business or person in business willfully and knowingly acts in an unfair and deceptive manner, and the consumer sends a demand letter making a reasonable demand for relief, the business has thirty days to respond with a tender of settlement. If a reasonable tender of settlement is made within thirty days, recovery is limited to that tender of settlement. However, if the business fails to so respond within 30 days, and the court thereafter finds that the business or person in business did knowingly and willfully act in an unfair and deceptive manner, and, the consumer made reasonable demand for relief, then the consumer shall recover up to three, but not less than two, times actual damages, plus costs, interest, and reasonable attorneys' fees. "Actual damages," have been interpreted by the courts to mean the amount of any judgment rendered in the "underlying" case, and therefore the amount to be doubled or tripled is not limited to the amount of the demand.

For settlement purposes only, pursuant to MGL, Chapter 93A, demand is hereby made for $538,379.48.

## DETAILS OF CLAIM

On or about March 17, 1998, you entered into an agreement with Carl and Alicia Furman to construct a residence for them in Stonington, Maine. Based upon the plan titled "Architectural Drawings #'s 1,2, 3, 4, 5, 6, 7, 8. 10, 12 & 13, dated June 12, 1998, drawn by the architect James Schildroth Associates, P.O. Box 275, Wiscasset, ME 04578, telephone (207) 882-6305, and, 2 specification books - ("Furman Details" - 21 pages - 6/21/98 - latest details) + ("Concrete Details" 29 pages - 6/22/98 - final details for price), and, an outline of specifications and allowances dated July 8, 1998, which included 3 pages by the owners, Carl & Alicia Furman, you gave an estimated completed cost of $1,237,000. The contract provided that any alteration or deviation from the contract specifications which would result in extra cost, time, and/or materials would require a written change order. The contract provided that the work would be substantially completed by December, 1999. Work began on the foundation following your receipt of the June 1998 details and specifications.

As of October, 2000, the project was far from complete, and, you had billed the Furmans, $1,321,102.34, for a job estimated to have a completed cost of $1,237,300, and a completion date of December, 1999, although the Furmans had made several downgrades to the project which should have reduced the overall cost and time.

On October 19, 2000 Carl's attorneys, The Law Firm of Bernstein, Shur, Sawyer & Nelson, P.A., sent a letter asking for explanation of the over-billing, and in response, on or about October 23, 2000, you (Ruger) walked off the job and refused to complete construction of the house. At this point, the reasonable value of the work that you (Ruger) had done was only $723,833. At this point you (Ruger) had billed $1,321,102.34 and had been paid $1,220,363.19, which is $496,530.19 overpaid. Furthermore, although the reasonable value of work done to this point was $723,833, that figure includes $41,849.29 of work done by sub-contractors who had not yet been paid. Since these subs were paid directly by the Furmans after you (Ruger) walked off the job, the actual amount that the Furmans had overpaid you for work done by you was $538,379.48

The Furman's sought "cover" in the open market. Unable to find a local contractor to finish, Carl Furman became the General Contractor, and, using his own workers and hired subcontractors, completed the job. The Furman's costs to complete the remaining work totalled $557,333.76. The $557,333.76 is comprised of the following: Sub-contractors and miscellaneous related charges, $188,820.54; labor supplied by Carl Furman and his hired laborers, $194,554.72; and, materials purchased by Carl Furman, $173,958.50. The Furman labor cost includes the costs of housing and meals for the workers traveling from Massachusetts. The sub-contractor cost also includes payment (previously noted above) directly by the Furmans of $41,849.29, to the subcontractors who had done work before you (Ruger) walked off the job. That $41,849.29 worth of work is therefore included in the "reasonable value of work done," of $723,000.

In addition, Carl Furman was forced to take time off from his business and suffered losses of approximately $450,000.

Thus, although the Furmans' damages include: your overcharges of $538,379.48, the Furmans' "cover" cost of $557,333.76, and Carl Furman's consequential business losses of approximately $450,000, for settlement purposes only, demand is made for $538,379.48 to be paid within thirty days. Should you fail to tender settlement within thirty days, we will institute suit.

Please respond only in writing, and not by telephone, as I do not wish to be disqualified as trial counsel as a result of being a, witness to/participant in, any settlement discussions.

Thank you.

Very truly yours,

ANDREW C. NOVICK

ACN/cbs
CERTIFIED MAIL
RETURN RECEIPT REQUESTED
cc:  Mr. Carl Furman

EXHIBIT F



**Jotham D. Pierce, Jr.**

One Monument Square
Portland, ME 04101

207-791-1290 voice
207-791-1350 fax
jpierce@pierceatwood.com

pierceatwood.com

September 21, 2004

Andrew C. Novick, Esq.
Novick Law Offices Incoporated
222 Union Street, Suite 603
New Bedford, MA 02740

Re:    Furman v. Ruger

Dear Mr. Novick:

This will acknowledge receipt of your letter of September 16, 2004, which I received yesterday.
Let me make my points as succinctly as possible. ꞏꞏꞏꞏꞏꞏꞏꞏ ꞏꞏꞏ ꞏ ꞏꞏꞏꞏꞏꞏꞏꞏꞏꞏꞏ ꞏꞏ ꞏꞏ ꞏꞏꞏꞏ ꞏꞏ ꞏꞏ

ꞏꞏꞏ ꞏꞏꞏꞏꞏ ꞏꞏ ꞏꞏꞏ ꞏꞏ ꞏꞏꞏꞏꞏ ꞏꞏꞏ ꞏꞏꞏ ꞏꞏꞏ ꞏꞏꞏꞏꞏ ꞏꞏ ꞏ ꞏꞏꞏꞏ ꞏꞏꞏꞏꞏ ꞏꞏ ꞏꞏꞏꞏꞏꞏꞏ ꞏ

1.    This work was done entirely in Maine, and the contract between the parties makes
references to Maine law. I see no basis for the application for any Massachusetts law, let alone
your Chapter 93A. Accordingly, that portion of your claim will be disregarded unless you have
some very persuasive arguments and evidence as to why Massachusetts law should control this
contract.

2.    This was a cost-plus project with no guaranteed maximum price. While you may have a
theoretical claim for excess cost, I think you are facing a steep uphill battle in trying to convince
a local judge or jury that there is any legal basis for your claim.

3.    John Ruger is confident that he can meet every one of your specific claims point for
point. The fact that your client was unable to find a local Contractor to finish the project says a
lot.

4.    To think that you are likely to collect a sizable judgment against Ruger Associates, Inc.,
even if you are successful on the merits of your claim, is not realistic. Ruger Associates is a
small Maine corporation without substantial resources or net worth. The numbers you are
talking about, even in your most optimistic scenario, do not have any basis in reality. I do not
see any basis for your making a claim against Mr. Ruger personally. ꞏꞏ ꞏꞏ ꞏꞏ ꞏꞏ

ꞏꞏ ꞏꞏ ꞏꞏꞏꞏꞏꞏ ꞏ ꞏꞏꞏꞏꞏꞏꞏ ꞏꞏꞏꞏ ꞏꞏ ꞏꞏꞏ ꞏꞏꞏ ꞏꞏꞏ ꞏꞏꞏꞏꞏ ꞏꞏꞏ ꞏꞏꞏ ꞏꞏꞏꞏ ꞏꞏꞏ ꞏꞏ ꞏꞏꞏꞏꞏ ꞏꞏ

5.    Under the terms of the contract between the parties, the parties agreed to mediation to
resolve any disputes. It is our view that this was intended as a precondition to the filing of any

ꞏꞏꞏ ꞏꞏ ꞏꞏꞏꞏ ꞏꞏꞏꞏ ꞏꞏꞏꞏ ꞏꞏ ꞏꞏ ꞏꞏ ꞏꞏꞏꞏꞏꞏꞏ ꞏꞏꞏꞏ ꞏꞏꞏ ꞏꞏ ꞏꞏꞏꞏ ꞏꞏ ꞏꞏꞏꞏ ꞏꞏ ꞏꞏꞏ ꞏ ꞏꞏ ꞏꞏꞏꞏ

Andrew C. Novick, Esq.
September 21, 2004
Page 2

lawsuit. In any event, the Superior Court requires early mediation of the parties as part of its standard pretrial order. Ruger Associates, Inc. is willing to participate in mediation, in an effort to resolve this matter.

Very truly yours,

Jotham D. Pierce, Jr.

JPJ/wjo

cc:    John Ruger

# Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

CIVIL DOCKET# **BRCV2004-01159-C**

RE: **Furman et al v Ruger et al**

TO: Andrew C Novick, Esquire
227 Union Street
New Bedford, MA 02740



### SECOND AMENDED
### TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 06/15/2005 |
| Response to the complaint filed (also see MRCP 12) | 08/16/2005 |
| All motions under MRCP 12, 19, and 20 filed | 08/16/2005 |
| All motions under MRCP 15 filed | 06/10/2006 |
| All discovery requests and depositions completed | 05/06/2007 |
| All motions under MRCP 56 served and heard | 07/04/2007 |
| Final pre-trial conference held and firm trial date set | 11/04/2007 |
| Case disposed | 03/17/2008 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session **C** sitting in **CtRm - Main (Taunton), Bristol Superior Court.**

Dated: 03/09/2005

Marc J. Santos
Clerk of the Courts

BY: Valerie A. Brodeur / John F. Losowski
Assistant Clerk

Location: CtRm - Main (Taunton)
Telephone: (508) 823-6588

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior

Check website for status of case: http://**ma-trialcourts.org/tcic**
cvdtraca_2.wpd 442819 motallow aguiarka

# Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

Civil Docket **BRCV2004-01159**

RE:    Furman et al v Ruger et al

TO:    Andrew C Novick, Esquire
       227 Union Street
       New Bedford, MA 02740

## **CLERK'S NOTICE**

This is to notify you that in the above referenced case the Court's action on **03/09/2005**:

*RE: Plaintiffs Carl Furman and Alicia Furman's MOTION to extend time for making service of process, up to and including June 15, 2005 (and issue new tracking order); Certificate of Non-service Certificate of Inapplicability of Superior Court Rule 9A*

**is as follows:**

**MOTION (P#4) ALLOWED (E. Susan Garsh, Justice) Notices mailed March 14, 2005**

Dated at Taunton, Massachusetts this 14th day of March, 2005.

> Marc J. Santos,
> Clerk of the Courts

Telephone: (508) 823-6588

## COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF THE TRIAL COURT

Bristol County                          **Superior Court**
                                        **Civil Action No. C04-01159**

| | |
|---|---|
| Carl and Alicia Furman, | ) |
|     PLAINTIFFS | ) |
| | ) |
| VS. | ) |
| | ) |
| John Ruger and | ) |
| Ruger Associates, Inc., | ) |
|     DEFENDANTS | ) |

MAR − 8 2005

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

## MOTION TO EXTEND TIME FOR MAKING SERVICE OF PROCESS

Now come the Plaintiffs, and by their attorney, respectfully move that the time within which

they must make Service of Process be enlarged up to and including June 15, 2005 (the present

deadline is April 18th), (and issue new Tracking Order) for the reason that both parties have

expressed a desire to Mediate this claim, and are presently working out the details. The additional

time before serving the Defendant with process will allow the Mediation to take place in a less

hostile atmosphere, more conducive to settlement, than would be the case if the Defendants were

served prior to the Mediation.

## CERTIFICATE OF NON-SERVICE
## CERTIFICATE OF INAPPLICABILITY OF SUPERIOR COURT RULE 9A

Rule 9A does not apply as the Defendants have not yet been served, and no other party has

yet appeared in this action.

Respectfully submitted,
Carl Furman and Alicia Furman,
By their attorney,

**ANDREW C. NOVICK, ESQ.**
**NOVICK LAW OFFICES INC.**
**227 Union Street**
**New Bedford, MA   02740**
**Tel. No. (508) 997-4571**
**B.B.O. No. 543825**

NOVICK LAW OFFICES
INCORPORATED
227 UNION STREET · SUITE 603
NEW BEDFORD, MASSACHUSETTS 02740

508/997-4571

ALAN S. NOVICK*
Member of MA and FL Bar

ANDREW C. NOVICK
Member of MA Bar

DAVID J. NOVICK
Member of MA Bar

FLORIDA OFFICE:
1415 Panther Lane, Suite 152
Naples, Florida 34109
(239) 514-8665

*Florida Bar Board Certified
Wills, Trusts and Estates

June 9, 2005

Marc J. Santos, Clerk Magistrate
Taunton Superior Court
P.O. Box 547
Taunton, Massachusetts 02780-3244

COPY

Re:   Gonsalves v. Cornielle
No:C01-00805

Dear Mr. Santos:

Enclosed please find Returns of Service, together with copies of the Certified Mail Return Receipts.

Thank you.

Very truly yours,

ANDREW C. NOVICK

Enclosure
cc:
Attorney Jotham D. Pierce
Pierce Atwood
One Monument Square
Portland, Maine 04101-1110

cc:
Mr. Carl Furman

Jotham D. Pierce, Jr.

JUN 13 2005

RECEIVED

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

[SEAL]

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

No.  C04-01159

CARL FURMAN AND ALICIA FURMAN _____ , Plaintiff (s)

v.

JOHN RUGER AND RUGER ASSOCIATES, INC. , Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED :—
xxTORTxxxMOTOR VEHICLE TORT — CONTRACT —
X EQUITABLE RELIEF xxx OTHER )

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:       JOHN RUGER

You are hereby summoned and required to serve upon ANDREW C. NOVICK, ESQ. NOVICK LAW OFFICES INC., 227 UNION ST., NEW BEDFORD, MA 02740

plaintiff's attorney, whose address is ............................................................................................................... ;

an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at TAUNTON................ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the 18th.................day of October............., in the year of our Lord two thousand and four.......................

*Magistrate*

**NOTES.**

1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.  If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

2SC 24

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. John Ruger and Ruger Associates Inc.
c/o Attorney Jotham D. Pierce
Pierce Atwood
One Monument Square
Portland, Maine 04101-1110

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  GENERAL COURIER    ☐ Agent
                       ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
Sam Pronto

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☑ No

31
2005
USPS

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7004 1160 0001 5426 8120

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. John Ruger
P.O. Box 273
Blue Hill, Maine 04614

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                              ☐ Agent
                               ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
John Ruger                      5/31/05

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7004 1160 0001 5426 8113

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

[SEAL]

No. C04-01159

CARL FURMAN AND ALICIA FURMAN

_____ , Plaintiff (s)

v.

JOHN RUGER AND RUGER ASSOCIATES, INC.
_____ , Defendant(s)

(TO PLAINTIFF'S ATTORNEY :

    PLEASE INDICATE TYPE OF ACTION INVOLVED :—

    XXORTXXXMOTORXYEHICLEXXXRTX— CONTRACT —

    XEQUITABLEXRELIEXXXXOTHERX

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT: RUGER ASSOCIATES, INC.

    You are hereby summoned and required to serve upon ...ANDREW...C....NOVICK,... ESQ.
NOVICK LAW OFFICES INC., 227 UNION ST., NEW BEDFORD, MA  02740
................................................................../...............................................................................

plaintiff's attorney, whose address is /...................................................................................... ;

an answer to the complaint which is herewith served upon you, within (20) days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the office of the Clerk of this
Court at ...TAUNTON..................... either before service upon plaintiff's attorney or within a
reasonable time thereafter.

    Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or
occurrence that is the subject matter of the plaintiff's claim or you will thereafter be
barred from making such claim in any other action.

    Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial
Court, at Taunton, the...18th.....................................day of..October........................, in the year
of our Lord two thousand and ....four...................................

_Magistrate_

NOTES.

1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption. If
a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.  If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

2SC 24

<div style="writing-mode: vertical">NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.</div>

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. John Ruger and Ruger Associates Inc.
c/o Attorney Jotham D. Pierce
Pierce Atwood
One Monument Square
Portland, Maine 04101-1110

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X  GENERAL COURIER    ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
   Sam Piznato

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☑ No
   31 2005  USPS

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   *(Transfer from service label)*    7004 1160 0001 5426 8120

PS Form **3811**, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. John Ruger, President
Ruger & Associates, Inc.
P.O. Box 273
Blue Hill, Maine 04614

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X

B. Received by (Printed Name)   C. Date of Delivery
   John Ruber                    5|31|05

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   *(Transfer from service label)*    7004 1160 0001 5426 8137

PS Form **3811**, February 2004    Domestic Return Receipt    102595-02-M-1540

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)_____Carl and Alicia Furman v. John Ruger_____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

| | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
|---|---|---|
| | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121<br>740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases |
| ✔ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,<br>315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,<br>380, 385, 450, 891. |
| | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,<br>690, 810, 861-865, 870, 871, 875, 900. |
| | V. | 150, 152, 153. |

05 11271 RWZ

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [✔]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

   YES [ ]   NO [✔]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [✔]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [✔]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [✔]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division [✔]      Central Division [ ]      Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division [ ]      Central Division [ ]      Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [✔]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___Nikolas P. Kerest_____

ADDRESS ___Pierce Atwood, One Monument Square, Portland, ME 04101_____

TELEPHONE NO. ___207-791-1100_____

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

**Carl and Alicia Furman**

## DEFENDANTS

**John Ruger and Ruger Associates, Inc.**

05 112 71 RWZ

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Bristol**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Cumberland,Maine**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Andrew C. Novick, BBO #543825**

**Novick Law Offices Inc.**

**227 Union Stree**

**New Bedford, MA  02740**

ATTORNEYS (IF KNOWN)

**Nikolas P. Kerest, BBO #647462**

**Pierce Atwood**

**One Monument Square**

**Portland, ME 04101        Tel: 207-791-1100**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN
*(PLACE AN "X" IN ONE BOX ONLY)*

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF THE SUIT  (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | or Defendant | Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing / | **HABEAS CORPUS:** | | ☐ 871 IRS – Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 791 Emp. Ret. Inc. | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**28 USC § 1332 and § 1441 – Cause of action based on house building contract.**

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes    ☐ No

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____        DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| **June 16, 2005** | |

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

{W0364766.1}