UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARL and ALICIA FURMAN,<br><br>              Plaintiffs,<br><br>v.<br><br><br>JOHN RUGER and<br>RUGER ASSOCIATES, INC.,<br><br>              Defendants. | Docket No. 05-CV-11271-RWZ |

**DEFENDANT JOHN RUGER'S AMENDED ANSWER TO COMPLAINT**

NOW COMES John Ruger and in answer to the Complaint states as follows:

PARTIES

1. Defendant John Ruger admits the allegations contained in paragraph 1 of the Complaint.

2. Defendant John Ruger admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant John Ruger denies the allegations contained in paragraph 3 of the Complaint.

4. Defendant John Ruger admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant John Ruger denies the allegations contained in paragraph 5 of the Complaint.

6. Defendant John Ruger admits the allegations contained in paragraph 6 of the Complaint.

{W0370895.1}

7. Defendant John Ruger admits that Ruger Associates has been at all relevant times in the business of construction, but denies the allegations of the complaint as to himself.

## JURISDICTION

8. Defendant John Ruger has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Defendant John Ruger admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant John Ruger admits that Exhibit A appears to be a copy of the letter sent to Carl Furman dated September 3, 1996.

11. Defendant John Ruger admits the allegations contained in paragraph 11 of the Complaint.

12. Defendant John Ruger has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Defendant John Ruger has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Defendant John Ruger admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant John Ruger has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Defendant John Ruger denies the allegations contained in paragraph 16 of the Complaint.

## VENUE

17.     Defendant John Ruger has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Defendant John Ruger has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

## DISPUTE

19.     Defendant John Ruger admits the allegations contained in paragraph 19 of the Complaint as to Ruger Associates, but denies the allegations as to himself.

20.     Defendant John Ruger admits the allegations contained in paragraph 20 of the Complaint, with the qualification that the agreement was amended and changed from time to time thereafter.

21.     Defendant John Ruger admits that there were plans and specifications provided to Ruger Associates in 1998, but those were very limited in scope, and were changed from time to time during the performance of the work. John Ruger is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint as to Ruger Associates and denies the allegations as to himself.

22.     Defendant John Ruger admits the allegations contained in paragraph 22 of the Complaint, as to Ruger Associates, but denies the allegations as to himself.

23.     Defendant John Ruger admits that Exhibit C is an estimate provided to Ruger Associates, but denies that that is the only estimate provided to the Plaintiffs. Defendant John Ruger denies the allegations as to himself.

24. Defendant John Ruger admits that Ruger Associates began work building a residence for the Plaintiffs in Stonington, Maine. Defendant John Ruger denies the allegations as to himself.

25. Defendant John Ruger denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant John Ruger admits the allegations contained in paragraph 26 of the Complaint.

27. Defendant John Ruger admits the allegations contained in paragraph 27 of the Complaint.

28. Defendant John Ruger admits the allegations contained in paragraph 28 of the Complaint.

29. Defendant John Ruger admits that Ruger Associates had billed Plaintiffs in excess of the total initial estimate. Defendant John Ruger denies that he personally billed Plaintiffs in any amount.

30. Defendant John Ruger admits that as of October 19, 2000 Ruger Associates had billed the Plaintiffs approximately the amount alleged, but he does not know whether this figure is exactly correct. Defendant John Ruger denies that he personally billed the Plaintiffs anything.

31. Defendant John Ruger admits that the estimated cost sheet was provided to the Plaintiffs as attached on Exhibit C. Defendant John Ruger denies that he individually provided any such sheet.

32. Defendant John Ruger admits that as of October 19, 2000 Plaintiffs had paid approximately the amount alleged, but he does not know whether this figure is exactly correct. Defendant John Ruger denies that Plaintiffs paid him anything personally.

33. Defendant John Ruger admits the allegations contained in paragraph 33 of the Complaint.

34. Defendant John Ruger admits the allegations contained in paragraph 34 of the Complaint.

35. The allegations in paragraph 35 are characterizations of a written document, which document speaks for itself, and requires no answer. To the extent answer is required, the characterization contained in paragraph 35 is at least partially correct.

36. Defendant John Ruger has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Defendant John Ruger denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant John Ruger admits that Ruger Associates vacated the job site after October 19, 2000. Defendant John Ruger denies that he "vacated" the job site.

39. Defendant John Ruger admits that Ruger Associates vacated the job site on October 23, 2000. Defendant John Ruger denies that he "vacated" the job site.

40. Defendant John Ruger admits that the job was not complete when Ruger Associates vacated the job site. Defendant John Ruger denies that he "vacated" the job site.

41. Defendant John Ruger admits the allegations contained in paragraph 41 of the Complaint. Defendant John Ruger further denies that he ever "worked" on the project.

42. Defendant John Ruger denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant John Ruger denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant John Ruger denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant John Ruger denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant John Ruger denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant John Ruger denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant John Ruger admits that Ruger Associates intended to have the Plaintiffs rely on the validity of its bills. Defendant John Ruger denies that he personally sent any bills to the Plaintiff, and therefore had no expectations of any reliance.

49. Defendant John Ruger denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant John Ruger denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant John Ruger admits the allegations contained in paragraph 51 of the Complaint, except that John Ruger has no knowledge of the accuracy of the date.

52. Defendant John Ruger admits the allegations contained in paragraph 52 of the Complaint.

53. The allegations contained in paragraph 53 of the Complaint are characterizations of document, which document speaks for itself, therefore requiring no answer. Answering further, Defendant John Ruger denies that there were any unfair or deceptive acts involved.

54. Defendant John Ruger admits the allegations contained in paragraph 54 of the Complaint.

55. Defendant John Ruger denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant John Ruger admits the allegations contained in paragraph 51 of the Complaint.

57. Defendant John Ruger has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58. Defendant John Ruger admits the allegations contained in paragraph 58 of the Complaint.

59. Defendant John Ruger admits the allegations contained in paragraph 59 of the Complaint.

60. Defendant John Ruger admits the allegations contained in paragraph 60 of the Complaint.

61. Defendant John Ruger denies the allegations contained in paragraph 61 of the Complaint. Defendant John Ruger denies that he personally furnished any labor or materials.

62. Defendant John Ruger denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant John Ruger has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, except that John Ruger denies that either defendant "abandoned" the job.

64. Defendant John Ruger denies the allegations contained in paragraph 64 of the Complaint.

65. Defendant John Ruger denies the allegations contained in paragraph 65 of the Complaint.

66. Defendant John Ruger has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67. Defendant John Ruger denies the allegations contained in paragraph 67 of the Complaint.

## COUNT I – BREACH OF CONTRACT

68. Defendant John Ruger repeats and realleges its answers to paragraphs 1 through 67 as if fully set forth in its answers to those allegations.

69. Defendant John Ruger denies the allegations contained in paragraph 69 of the Complaint.

70. Defendant John Ruger denies the allegations contained in paragraph 70 of the Complaint.

71. Defendant John Ruger denies the allegations contained in paragraph 71 of the Complaint.

72. The allegations contained in paragraph 72 of the Complaint are only prayers for relief and not allegations of fact, therefore requiring no answer. Answering further, Defendant John Ruger denies that the Plaintiffs are entitled to the relief requested in paragraph 72.

## COUNT II – VIOLATION OF M.G.L. CHAPTER 93A

73. Defendant John Ruger repeats and realleges its answers to paragraphs 1 through 72 as if fully set forth in its answers to those allegations.

74. Defendant John Ruger denies the allegations contained in paragraph 74 of the Complaint.

75. Defendant John Ruger denies the allegations contained in paragraph 75 of the Complaint. Defendant John Ruger denies that he had any contract with the Plaintiffs, and he therefore could not breach a contract that did not exist.

76. Defendant John Ruger denies the allegations contained in paragraph 76 of the Complaint.

77. Defendant John Ruger denies the allegations contained in paragraph 77 of the Complaint.

78. Defendant John Ruger denies the allegations contained in paragraph 78 of the Complaint.

79. Defendant John Ruger denies the allegations contained in paragraph 79 of the Complaint.

80. Defendant John Ruger admits the allegations contained in paragraph 80 of the Complaint.

81. Defendant John Ruger admits that neither it nor John Ruger made any response with a tender of settlement of any type.

82. Defendant John Ruger denies the allegations contained in paragraph 82 of the Complaint.

83. Defendant John Ruger denies the allegations contained in paragraph 83 of the Complaint.

84. Defendant John Ruger admits that the Plaintiffs have made a prayer for judgment and relief, but denies that they are entitled to recovery.

## AFFIRMATIVE DEFENSES

1.    This Court lacks personal jurisdiction over John Ruger or Ruger Associates, Inc., because the necessary minimum contracts necessary for this action are not present.

2.    The contract is subject to pre-litigation mediation, and is therefore premature.

3.    The claims of the Plaintiffs are barred due to waiver

4.    The claims of the Plaintiffs are barred due to estoppel.

5.    The claims of the Plaintiffs are barred due to failure to give timely notice of their claims.

6.    The contract in this matter was between Plaintiffs and Ruger Associates, Inc., a corporation. There is no basis for a claim against John Ruger, individually.

7.    The provisions of M.G.L. Chapter 93-A do not apply to this contract, since the contract was substantially performed outside the Commonwealth of Massachusetts.

8.    The claims of the Plaintiffs are barred due to the relevant statutes of limitations.


July 8, 2005                                  /s/ Nikolas P. Kerest
                                              Nikolas P. Kerest, BBO# 647462
                                              Attorney for Defendants John Ruger and
                                              Ruger Associates, Inc.

PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
207-791-1100

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 8, 2005 I filed electronically named Defendants' Answers with the Clerk of Court using the CM/ECF system and sent a paper copy via overnight mail to Andrew C. Novick, attorney for Plaintiffs.

                        /s/ Nikolas P. Kerest
                        Nikolas P. Kerest
                        Attorney for John Ruger and
                        Ruger Associates, Inc.

PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
(207) 791-1100