UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARL and ALICIA FURMAN,<br><br>                    Plaintiffs,<br><br>v.<br><br><br>JOHN RUGER and<br>RUGER ASSOCIATES, INC.,<br><br>                    Defendants. | Docket No. 05-CV-11271-RWZ |

**<u>DEFENDANT RUGER ASSOCIATES, INC.'S AMENDED ANSWER TO COMPLAINT
AND COUNTERCLAIM</u>**

NOW COMES Ruger Associates, Inc. ("Ruger Associates") and in answer to the Complaint states as follows:

<u>PARTIES</u>

1.     Defendant Ruger Associates admits the allegations contained in paragraph 1 of the Complaint.

2.     Defendant Ruger Associates admits the allegations contained in paragraph 2 of the Complaint.

3.     Defendant Ruger Associates denies the allegations contained in paragraph 3 of the Complaint.

4.     Defendant Ruger Associates admits the allegations contained in paragraph 4 of the Complaint.

5.     Defendant Ruger Associates denies the allegations contained in paragraph 5 of the Complaint.

{W0370892.1}

6. Defendant Ruger Associates admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant Ruger Associates admits that it has been at all relevant times in the business of construction, but denies the allegations of the complaint as to John Ruger.

## JURISDICTION

8. Defendant Ruger Associates has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Defendant Ruger Associates admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant Ruger Associates admits that Exhibit A appears to be a copy of the letter sent to Carl Furman dated September 3, 1996.

11. Defendant Ruger Associates admits the allegations contained in paragraph 11 of the Complaint.

12. Defendant Ruger Associates has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Defendant Ruger Associates has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Defendant Ruger Associates admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant Ruger Associates has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Defendant Ruger Associates denies the allegations contained in paragraph 16 of the Complaint.

## VENUE

17. Defendant Ruger Associates has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendant Ruger Associates has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

## DISPUTE

19. Defendant Ruger Associates admits the allegations contained in paragraph 19 of the Complaint as to Ruger Associates, but denies the allegations as to John Ruger.

20. Defendant Ruger Associates admits the allegations contained in paragraph 20 of the Complaint, with the qualification that the agreement was amended and changed from time to time thereafter.

21. Defendant Ruger Associates admits that there were plans and specifications provided to it in 1998, but those were very limited in scope, and were changed from time to time during the performance of the work. Ruger Associates is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint and denies the allegations as to John Ruger.

22. Defendant Ruger Associates admits the allegations contained in paragraph 22 of the Complaint, as to itself, but denies the allegations as to John Ruger.

23. Defendant Ruger Associates admits that Exhibit C is an estimate, but denies that that is the only estimate provided to the Plaintiffs. Defendant Ruger Associates denies the allegations as to John Ruger.

24. Defendant Ruger Associates admits that it began work building a residence for the Plaintiffs in Stonington, Maine. Defendant Ruger Associates denies the allegations as to John Ruger.

25. Defendant Ruger Associates denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant Ruger Associates admits the allegations contained in paragraph 26 of the Complaint.

27. Defendant Ruger Associates admits the allegations contained in paragraph 27 of the Complaint.

28. Defendant Ruger Associates admits the allegations contained in paragraph 28 of the Complaint.

29. Defendant Ruger Associates admits that it had billed Plaintiffs in excess of the total initial estimate. Defendant Ruger Associates denies John Ruger personally billed Plaintiffs in any amount.

30. Defendant Ruger Associates admits that as of October 19, 2000 Ruger Associates had billed the Plaintiffs approximately the amount alleged, but has no knowledge or information sufficient to form a belief as to the truth of the exact amount alleged. Defendant Ruger Associates denies that John Ruger personally billed the Plaintiffs anything.

31. Defendant Ruger Associates admits that the estimated cost sheet was provided to the Plaintiffs as attached on Exhibit C. Defendant Ruger Associates denies that John Ruger individually provided any such sheet.

32. Defendant Ruger Associates admits that as of October 19, 2000 Plaintiffs had paid approximately the amount alleged, but has no knowledge sufficient to form a belief as to the

truth of the exact amount alleged. Defendant Ruger Associates denies that Plaintiffs paid John Ruger anything.

33. Defendant Ruger Associates admits the allegations contained in paragraph 33 of the Complaint.

34. Defendant Ruger Associates admits the allegations contained in paragraph 34 of the Complaint.

35. The allegations in paragraph 35 are characterizations of a written document, which document speaks for itself, and requires no answer. To the extent answer is required, the characterization contained in paragraph 35 is at least partially correct.

36. Defendant Ruger Associates has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Defendant Ruger Associates denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant Ruger Associates admits that it vacated the job site after October 19, 2000. Defendant Ruger Associates denies that John Ruger "vacated" the job site.

39. Defendant Ruger Associates admits that it vacated the job site on October 23, 2000. Defendant Ruger Associates denies that John Ruger "vacated" the job site.

40. Defendant Ruger Associates admits that the job was not complete when it vacated the job site. Defendant Ruger Associates denies that John Ruger "vacated" the job site.

41. Defendant Ruger Associates admits the allegations contained in paragraph 41 of the Complaint. Defendant Ruger Associates denies that John Ruger "worked" on the project.

42. Defendant Ruger Associates denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant Ruger Associates denies the allegations contained in paragraph 43 of the Complaint, with the qualification that John Ruger did not vacate anything.

44. Defendant Ruger Associates denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant Ruger Associates denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant Ruger Associates denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant Ruger Associates denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant Ruger Associates intended to have the Plaintiffs rely on the validity of its bills. Defendant Ruger Associates denies that John Ruger personally sent any bills to the Plaintiff, and therefore had no expectations of any reliance.

49. Defendant Ruger Associates denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant Ruger Associates denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant Ruger Associates admits the allegations contained in paragraph 51 of the Complaint, except that Ruger Associates has no knowledge of the accuracy of the date.

52. Defendant Ruger Associates admits the allegations contained in paragraph 52 of the Complaint.

53. The allegations contained in paragraph 53 of the Complaint are characterizations of document, which document speaks for itself, therefore requiring no answer. Answering further, Defendant Ruger Associates denies that there were any unfair or deceptive acts involved.

54. Defendant Ruger Associates admits the allegations contained in paragraph 54 of the Complaint.

55. Defendant Ruger Associates denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant Ruger Associates admits the allegations contained in paragraph 51 of the Complaint.

57. Defendant Ruger Associates has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58. Defendant Ruger Associates admits the allegations contained in paragraph 58 of the Complaint.

59. Defendant Ruger Associates admits the allegations contained in paragraph 59 of the Complaint.

60. Defendant Ruger Associates admits the allegations contained in paragraph 60 of the Complaint.

61. Defendant Ruger Associates denies the allegations contained in paragraph 61 of the Complaint. Defendant Ruger Associates denies that John Ruger personally furnished any labor or materials.

62. Defendant Ruger Associates denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant Ruger Associates has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, except that Ruger Associates denies that either defendant "abandoned" the job.

64. Defendant Ruger Associates denies the allegations contained in paragraph 64 of the Complaint.

65. Defendant Ruger Associates denies the allegations contained in paragraph 65 of the Complaint.

66. Defendant Ruger Associates has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67. Defendant Ruger Associates denies the allegations contained in paragraph 67 of the Complaint.

## COUNT I – BREACH OF CONTRACT

68. Defendant Ruger Associates repeats and realleges its answers to paragraphs 1 through 67 as if fully set forth in its answers to those allegations.

69. Defendant Ruger Associates denies the allegations contained in paragraph 69 of the Complaint.

70. Defendant Ruger Associates denies the allegations contained in paragraph 70 of the Complaint.

71. Defendant Ruger Associates denies the allegations contained in paragraph 71 of the Complaint.

72. The allegations contained in paragraph 72 of the Complaint are only prayers for relief and not allegations of fact, therefore requiring no answer. Answering further, Defendant Ruger Associates denies that the Plaintiffs are entitled to the relief requested in paragraph 72.

## COUNT II – VIOLATION OF M.G.L. CHAPTER 93A

73. Defendant Ruger Associates repeats and realleges its answers to paragraphs 1 through 72 as if fully set forth in its answers to those allegations.

74. Defendant Ruger Associates denies the allegations contained in paragraph 74 of the Complaint.

75. Defendant Ruger Associates denies the allegations contained in paragraph 75 of the Complaint. Defendant Ruger Associates denies that John Ruger had any contract with the Plaintiffs, and John Ruger therefore could not breach a contract that did not exist.

76. Defendant Ruger Associates denies the allegations contained in paragraph 76 of the Complaint.

77. Defendant Ruger Associates denies the allegations contained in paragraph 77 of the Complaint.

78. Defendant Ruger Associates denies the allegations contained in paragraph 78 of the Complaint.

79. Defendant Ruger Associates denies the allegations contained in paragraph 79 of the Complaint.

80. Defendant Ruger Associates admits the allegations contained in paragraph 80 of the Complaint.

81. Defendant Ruger Associates admits that neither it nor John Ruger made any response with a tender of settlement of any type.

82. Defendant Ruger Associates denies the allegations contained in paragraph 82 of the Complaint.

83. Defendant Ruger Associates denies the allegations contained in paragraph 83 of the Complaint.

84. Defendant Ruger Associates admits that the Plaintiffs have made a prayer for judgment and relief, but denies that they are entitled to recovery.

## AFFIRMATIVE DEFENSES

1. This Court lacks personal jurisdiction over John Ruger or Ruger Associates, Inc. because the necessary minimum contracts necessary for this action are not present.

2. The contract is subject to pre-litigation mediation, and is therefore premature.

3. The claims of the Plaintiffs are barred due to waiver

4. The claims of the Plaintiffs are barred due to estoppel.

5. The claims of the Plaintiffs are barred due to failure to give timely notice of their claims.

6. The provisions of M.G.L. Chapter 93-A do not apply to this contract, since the contract was substantially performed outside the Commonwealth of Massachusetts.

7. The claims of the Plaintiffs are barred due to the relevant statutes of limitations.

## COUNTERCLAIM

1. Ruger Associates, Inc. is a Maine corporation with a principal place of business in Blue Hill, Maine.

2. Carl and Alicia Furman are residents of Westport, Massachusetts.

3. On or around March 17, 1998, Ruger Associates, Inc. entered into a contract to construct a large residential structure for Carl and Alicia Furman in Stonington, Maine.

4. Under the contract signed by Ruger Associates, Inc. and the Furmans, Ruger Associates, Inc. was to bill the Furmans "every four weeks for labor provided, materials used and subcontractors charges to date . . . ."

5. Payment was to be made by the Furmans "within (10) days of billing."

6. Ruger Associates, Inc. completed a substantial amount of work on the construction of the Furmans' Stonington, Maine house.

7. Ruger Associates, Inc. billed the Furmans for the work completed every four weeks.

8. The Furmans failed to pay Ruger Associates, Inc. for a portion of the work completed totaling approximately $20,000.

## COUNT I – BREACH OF CONTRACT

9. Ruger Associates, Inc. realleges the foregoing allegations.

10. The parties entered into a written contract for the performance of certain work by Ruger Associates, Inc. in exchange for payment by Carl and Alicia Furman.

11. Ruger Associates, Inc. performed the work contemplated by the contract.

12. Carl and Alicia Furman failed to pay Ruger Associates, Inc. for a portion of the work completed.

13. As a direct and proximate result of the Furmans failure to pay Ruger Associates, Inc., the Furmans breached the contract between the parties and owe Ruger Associates, Inc. approximately $20,000.

14. As a direct and proximate result of the Furmans failure to pay Ruger Associates, Inc., Ruger Associates, Inc. has suffered monetary damage.

15. Under 10 M.R.S.A. § 1118, the Furmans are responsible for Ruger Associates, Inc.'s attorneys' fees in this action.

WHEREFORE, Ruger Associates, Inc. demands judgment in its favor in an amount equal to $20,000, plus costs, fees, and such other relief as the Court deems appropriate and just.


July 8, 2005                                             /s/ Nikolas P. Kerest
                                                         Nikolas P. Kerest, BBO# 647462
                                                         Attorney for Defendants John Ruger and
                                                         Ruger Associates, Inc.


PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
207-791-1100

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 8, 2005 I filed electronically named Defendants' Answers with the Clerk of Court using the CM/ECF system and sent a paper copy via overnight mail to Andrew C. Novick, attorney for Plaintiffs.

      /s/ Nikolas P. Kerest_____
      Nikolas P. Kerest
      Attorney for John Ruger and
      Ruger Associates, Inc.

PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
(207) 791-1100